CITY OF PAPILLION, A MUNICIPAL CORPORATION, APPELLANT, V. CLARA SCHRAM, DECEASED, BY BERNARD F. SCHRAM, HER PERSONAL REPRESENTATIVE, ET AL., APPELLEE.

281 N. W. 2d 528

Filed July 17, 1979. No. 42272.

Michael N. Schirber, for appellant.

Steven W. Floersch of Collins & Gleason, for appellee.

Heard before BOSLAUGH, McCOWN, BRODKEY, and HASTINGS, JJ., and FAHRNBRUCH, District Judge.

FAHRNBRUCH, District Judge.

The City of Papillion, a municipal corporation, as plaintiff, brought this action against defendant to collect a water usage fee. The action was defended on the basis that plaintiff had agreed to supply water free of charge to defendant and her late husband as partial consideration for an easement. The trial court found for the defendant. Plaintiff appealed. While the appeal was pending, defendant died and the case was revived in the names of her heirs. We affirm the judgment of the trial court.

In trial to the court, the pleadings and stipulations conclusively demonstrated that in early 1946 defendant, Clara Schram, and her late husband, John H. Schram, were the owners of Tax Lot 23 in Section 26, Township 14 North, Range 12 East of the 6th P.M., Sarpy County, Nebraska.

On February 27, 1946, Clara and John H. Schram executed a perpetual easement to plaintiff's predecessor, village of Papillion, granting it the right to install two 16-inch tubular wells on the above-described property and to remove water for the village of Papillion as its water supply. The easement was filed of record March 21, 1946, in Sarpy County, Nebraska.

As part of the consideration for the easement, plaintiff agreed to annually supply the Schrams, through their private waterline, not to exceed 600,000 gallons of water free of charge "as long as said wells or any well placed upon the land of grantor is in operation." It is undisputed that at all times relevant herein the wells were operational and the flow

of water has been uninterrupted. The easement further provided that the plaintiff "further agree[s], in order to prevent future litigation, that if the wells dug under this contract shall fail or exhaust the water supply under said land of grantors, [defendant and her husband] that the grantee [plaintiff] shall continue to furnish water to grantors under this contract without expense * * *."

The easement provided that it was binding upon the heirs or assigns of grantors and the successors and assigns of grantee.

The easement granted was an easement in gross for commercial purposes. "An easement is in gross when it is not created to benefit *or* when it does not benefit the possessor of any tract of land in his use of it as such possessor." Restatement of the Law of Property, Easement in Gross, § 454, p. 2917. Under Comment "a" of that section, it is stated: "An easement in gross belongs to the owner of it independently of his ownership or possession of any specific land." Moreover, both the easement granted and the evidence fails to indicate a dominant tenement. The land upon which the wells are located is a servient tenement, but without a dominant tenement there can be no easement appurtenant. "An easement appurtenant * * * is a privilege which the owner of one tenement has the right to enjoy *in respect to that tenement*, in or over the tenement of another person." (Emphasis supplied.) 28 C. J. S., Easements, § 4, p. 633. Here, the purpose of the easement was to assure the citizens of the plaintiff and its predecessor a municipal water supply. It was not intended to benefit any specific property owned by plaintiff. The right of plaintiff to continue operation of the wells and to withdraw water is not at issue here.

On or about April 12, 1971, the Schrams granted an option to purchase a portion of their real estate to Charles G. Smith and Nellie M. Smith, husband and

wife. Thereafter, on June 13, 1972, Clara Schram, then a widow, conveyed the portion so optioned to the Smiths. The property conveyed to the Smiths encompassed the land upon which plaintiff's wells were located.

Plaintiff contends that when Clara Schram deeded a portion of the real estate she also deeded her right to receive the free water. Such contention cannot be sustained. Defendant's right to receive the free water was not by way of an easement appurtenant reserved unto the defendant, her husband, and their heirs in the grant of easement to plaintiff's predecessor. The free water was a part of the consideration flowing from the plaintiff and its predecessor to defendant and her husband, payable in annual installments of not to exceed 600,000 gallons of water per annum. The consideration was not contingent upon the wells' nor the land's continual production of water. The easement provided: "[I]n order to prevent future litigation, * * * if the wells dug under this contract shall fail or exhaust the water supply under said land of grantors, [defendant, her husband, and their heirs] that the grantee [plaintiff] shall continue to furnish water to grantors under this contract without expense * * *."

Defendant is entitled to the full consideration for the easement unless she has divested herself of that right.

The keystone question to the resolution of this litigation is whether Clara Schram divested herself and her heirs from the free water when she conveyed a portion of her land to the Smiths. The extent of the divestiture is controlled by the true intent of the parties to the conveyance. § 76-205, R. R. S. 1943.

Plaintiff contends that the trial court was in error in admitting extrinsic evidence, the "option agreement," as to the intent of the parties in regard to the Schram-Smith sale. The plaintiff claims the deed between the parties is unambiguous and that all of

the preceding negotiations and agreements merged in the deed. Plaintiff's position cannot be sustained.

The Schram-Smith deed itself contains inconsistencies. In the granting clause of the deed the Smiths were the grantees. Yet, in the habendum clause it is stated: "To have and to hold the premises above described, together with all the tenements, hereditaments and appurtenances thereunto belonging unto the said Clara M. Schram A/K/A Clara Schram and to her heirs and assigns forever." Under the habendum clause, it is warranted that the premises are free from encumbrance "except easements and covenants of record" while the granting clause makes no such exceptions.

Whether the Schram-Smith deed was unambiguous or ambiguous is not controlling as to the admissibility of the "option agreement" in this case.

" 'Generally, upon the execution, delivery, and acceptance of an unambiguous deed, such being the final acts of the parties expressing the terms of their agreement with reference to the subject matter, all prior negotiations and agreements are deemed merged therein, in the absence of a preponderance of evidence clear and convincing in character establishing some recognized exception such as fraud or mistake of fact, and the deed will be held to truly express the intentions of the parties.' * * * The doctrine of merger, however, was applied in those cases only in situations where the parties to the land contract and the parties to the deed were the same. *It does not apply in regard to persons who have no privity of contract.*" (Emphasis supplied.) Beren Corp. v. Spader, 198 Neb. 677, 255 N. W. 2d 247.

Since the plaintiff had no privity of contract to the Schram-Smith sale, the trial court properly admitted the option from the Schrams to the Smiths to determine the "true intent" of the parties. The option provided in part: "It is further agreed that all of the benefits accruing to the Sellers under and by vir-

tue of an easement dated March 21, 1946 and recorded in Miscellaneous Book 12, Pages 649 and 650 in the office of the Register of Deeds of Sarpy County, Nebraska, entered into by and between the Sellers herein and the City of Papillion shall continue and Sellers shall retain the private pipeline referred to in said Easement Agreement including the connecting pipeline laid by the City and including all of the benefits accruing to the Sellers, together with the continued use of water furnished by the City of Papillion to Sellers pursuant to the terms of said easement.''

The evidence supports the trial court's finding that the easement granted to plaintiff was an easement in gross and that Clara Schram did not divest herself or her heirs of the right to receive free water under the terms of the easement.

The judgment of the trial court is affirmed.

AFFIRMED.